

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

LHE:SMS/MRG/GN
F. #2021R00498

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 6, 2024

By ECF

The Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Xu, et al
               Docket No. 22-CR-158 (S-1) (ENV)

Dear Judge Vitaliano:

      The government respectfully writes in response to the defendants' letter dated February 1, 2024, seeking an adjournment of the May 20, 2024 trial date in the above-captioned matter. For the reasons set forth herein, the government opposes the adjournment request.

      As the Court is aware, in April 2022, a grand jury returned an indictment charging all but three defendants with variously committing racketeering conspiracy, sex trafficking conspiracy, interstate prostitution crimes and assaults in-aid-of racketeering, among other crimes, in connection with a nation-wide prostitution business and the vicious assaults of more than a dozen women. In September 2023, a grand jury returned a superseding indictment, charging three additional defendants and also adding certain charges against previously-indicted defendants. In total, the government has variously charged the defendants with having participated in twenty robberies or assaults in-aid-of racketeering of seventeen Jane Doe victims, who were brutally beaten between January 8, 2020 and September 1, 2021. On September 27, 2023, Your Honor scheduled two trial dates to accommodate the number of defendants in this case: the first to commence March 25, 2024 and the second to commence on May 20, 2024. Consequently, the government and defense counsel for the remaining trial defendants—Rong Rong Xu, Siyang Chen, Bo Jiang, Jilong Yu, Yichu Chen, Yuan Yuan Chen and Johnnie Kim—received abundant advance notice that trial in this case could proceed as early as March 25, 2024.

      On October 2, 2023, defendant Rong Rong Xu retained new counsel. Subsequently, on December 8, 2023, defendant Bo Jiang also sought substitute counsel, and his request was granted by the Court. Notably, prior to being appointed, both the Court's deputy and the government were assured by substitute counsel that they would be available on the May 20, 2024 trial date. Moreover, in each of these instances, the government conferred with new defense

counsel, ensured that they had access to the discovery materials pertaining to their clients and highlighted key evidence against their clients in the discovery productions.[1]

Despite the above, the defendants now seek an adjournment of the May 2024 trial date, on the grounds that the voluminous discovery, combined with counsels' need to confer with their clients via interpreters and certain technological issues, have impaired their ability to prepare for trial. That argument fails for the following reasons:

First, defense counsel has already agreed on multiple occasions to proceed with the May 20, 2024 trial date. As noted above, that date was initially set by the Court on September 27, 2023 (more than four months ago) with the consent of the defendants. More recently, however, the defendants agreed to proceed with trial on May 20, 2024. Indeed, on January 22, 2024, the parties filed a joint status letter, advising the Court that the government anticipated that no more than five defendants would proceed to trial and jointly requesting the cancellation of the March date in favor of the May trial date. The defendants (including substitute counsel for defendants Bo Jiang and Rong Rong Xu) consented to this revised scheduling request, and the Court granted the parties' request on January 24, 2024.

Second, the defendants' claim that the volume of discovery now warrants a trial adjournment is absurd. To begin, the defendants have had most of the discovery for years, and well before they agreed to the trial date. For example, of the approximately 3.5 terabytes of discovery produced to date in this case, the defendants have had approximately 81% of that material since April 2023 (i.e., more than a year before trial and five months before they agreed to a March 2024 trial date) and have had approximately 99% of the discovery since November 16, 2023 (i.e., more than six months before trial). In addition, the government has made significant efforts to assist defense counsel in their review of the discovery in this case, by, for example, writing a letter to defense counsel on November 6, 2023, identifying: (1) the WeChat and text message conversations the government expects to rely on at trial, (2) which defendants the government believes to have participated in each identified conversation, and (3) precisely where in the discovery those conversations may be found. Most of those messages could be found on phones that had been produced to the defendants as of January and April 2023 (again, more than a year before trial). Furthermore, the government has also produced draft translations from Mandarin to English of many of those electronic messages, as an additional courtesy, to further aid in defense counsels' review.

Third, the defendants' complaint regarding the government's January 25, 2024 discovery production provides no basis for an adjournment. The government produced less than 30 gigabytes of material, or approximately 0.9% of the total discovery in this case, four months before trial. Moreover, much of the production comprised the type of material that is commonly produced close-in-time to trial, namely materials provided by witnesses in connection with trial prep meetings (e.g., a witness's body-worn camera footage or additional crime scene photos taken by one of several officers who responded to a scene). The government expects that further discovery of this nature may be produced as trial approaches and more witness meetings are held. In addition, the January

---

[1] More recently, on January 30, 2024, defendant Jilong Yu also sought substitute counsel. Substitute counsel, Jeffrey Pittell, Esq., is currently awaiting the Court's appointment, but has already conferred with the government and the Court's deputy and stated his availability to try the case as scheduled.

2024 production also included the above-referenced draft translations of certain messages as a courtesy to defense counsel to aid in their trial preparation.

Finally, the fact that certain defendants have retained new counsel does not support adjourning the May 2024 trial date. As indicated above, prior to their appointment, each of the substitute counsel was asked whether they were available for the May 2024 trial date. Each of the substitute counsel indicated they were available and were thus appointed with that expectation. Moreover, as to defendant Jiang, new counsel was appointed nearly six months before trial and the government has made substantial efforts to aid counsel's review of the discovery material, some of which is summarized above.

In short, the government respectfully submits that any adjournment of the May 2024 trial date is not warranted and would only serve to prejudice the 17 victims of the charged crimes in this case, who have been waiting for both justice and closure for years.

Respectfully submitted,

BREON PEACE
United States Attorney

By: \_\_\_\_\_/s/\_\_\_\_\_
Sophia M. Suarez
Matthew R. Galeotti
Genny Ngai
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (by ECF)
Counsel of Record (by ECF)