UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA       :
       :
       :      <u>SHORT-FORM</u>
       :      <u>MEMORANDUM & ORDER</u>
-against-       :
       :      22-CR-158 (ENV)
       :
SIYANG CHEN; YICHU CHEN,       :
       :
Defendants.  :
------------------------------------------------------------ x

VITALIANO, D.J.

     During the course of the trial, various additional *in limine* requests have been made by the parties.[1]  Those outstanding requests, with their respective rulings, are summarized below.

| <u>Motion</u> | <u>Ruling</u> |
|---|---|
| (A)   Defendant Yichu Chen filed a motion to correct "any implication from [the Court's] wording that Yichu knew the fraudulent nature of the scheme" in which he participated with Meizhen Song in 2020.  *See* Dkt. 370 at 1 (citing Short Form Mem. Order, Dkt. 300 at 9).[2] | (A)  The Court's *in limine* ruling on this matter merely determined the admissibility of certain evidence.  It made no factual finding.  This request is denied as academic. |

---

[1] *See, e.g.*, Yichu Chen Mot. Correct the Record, Dkt. 370;  Yichu Chen Supplemental Mot. Limine, Dkt. 375;  Gov't Reply Mot. Limine, Dkt. 376;  Yichu Chen Response, Dkt. 378.

[2] All citations to pages in the record refer to the Electronic Case Filing System ("ECF") pagination.

(B)    The government moves to preclude defense investigator Rose Muckenthaler from testifying as an expert because of deficient and untimely disclosure of expert testimony, as well as because she intends to testify about something outside the proper scope for expert testimony.  Dkt. 376 at 6-7.

Separately, Yichu Chen moves to preclude the government from cross examining Muckenthaler about a 2019 case in which her testimony was excluded for going to the ultimate issue of fact to be decided by the jury, unrelated to the veracity of her testimony or her qualifications to testify as an expert witness in that case. Dkt. 375 at 1-2.

(B)  The government's motion to preclude expert testimony is granted for deficient disclosures.  *See* Fed. R. Evid. 16(b)(1)(C), *United States v. Ulbricht*, 858 F.3d 71, 115 (2d Cir. 2017).  The Court need not reach the government's other arguments, and in any event, the defense contends it does not intend to qualify Muckenthaler as an expert.  *See* Dkt. 378 at 2.

But, if called as a witness at trial, Muckenthaler may offer any relevant and appropriate lay testimony, including testimony as a summary witness.    Defendant Yichu Chen is cautioned, however, that "[i]t is well established that the nature of a summary witness' testimony requires that [s]he draw conclusions from the evidence presented at trial." *United States v. Barnwell*, 15-CR-620 (NSR), 2017 WL 1063457, at *2 (S.D.N.Y. Mar. 20, 2017) (quoting *United States v. Pree*, 408 F.3d 855, 869 (7th Cir. 2005)).

To the extent that Muckenthaler testifies at the defendant's request, she may not be cross-examined on prior testimony that was tossed for reasons unrelated to her veracity or qualifications as it would not be "useful to a jury in assessing" her credentials or

|  | competency, particularly as a summary witness. *United States v. Ahmed*, No. 14-CR-277 (DLI), 2016 WL 3647686 (E.D.N.Y. July 1, 2016); s*ee also* Fed. R. Evid. 403.  The defense's motion is granted on that basis, and in any event has not been opposed by the government.  *See generally* Dkt. 376. |
|---|---|

With respect to other matters, the court has provided counsel with previously requested curative instructions regarding certain matters, and awaits advice of counsel as to when each should be read to the jury.  The court also renews its request to the government that prior to any use of defendant Siyang Chen's guilty pleas it detail the planned method for the introduction of such evidence.

So Ordered.
Dated:   Brooklyn, New York
              October 25, 2024

/s/ Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge